**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

TODD DARRELL BALLARD,

      Plaintiff,

         v.

CO 1 WILLIAMS, et al.,

      Defendants.

CIVIL ACTION NO. 3:10-CV-1456

(JUDGE CAPUTO)

(MAGISTRATE JUDGE CARLSON)

**MEMORANDUM**

      Presently before the Court is the Report and Recommendation of Magistrate Judge Martin C. Carlson.  (Doc. 38).  The Report recommends that the Defendants' Motion to Dismiss the Complaint (Docs. 25, 28) be granted, in part, and denied, in part.  The Court will adopt the Report and Recommendation in full and will recommit the matter to the Magistrate Judge for further proceedings.

## I. Background

      Plaintiff, a former inmate of the State Correctional Institution at Camp Hill proceeding *pro se*, initiated this action on June 28, 2010, alleging various Constitutional violations and a state-law tort claim stemming from a prison cell altercation on March 30, 2008.

      Specifically, Plaintiff alleges that Corrections Officer Defendants Williams, Martin, and Fulton used excessive force in intervening in the altercation, causing the Plaintiff to be assaulted and suffer injuries, including a burn on his head from a hot radiator and a fractured right hand.  (Am. Compl. ¶¶ 1-3, Doc. 19).  Sergeant Stockholm is also named as a

Defendant for, after having been called to the scene, failing to intervene in the incident.  (*Id.* at ¶ 4).  Furthermore, Ballard claims that corrections staff stole some of his personal property, and he alleges that Defendants Zobitne and Palakovich failed to adequately investigate his complaints about the alleged assault and stolen property after he filed a grievance regarding the March 30, 2008 incident.  These Defendants are collectively known as the "Corrections Defendants."[1]

Additionally, Ballard alleges inadequate medical treatment on the part of four of the Prison's physicians assistants, Linda Diebert, Kristin Barbacci, Colleen Newfield, and a "Jane Doe" Defendant, whom Ballard claims is "a medical staff employee at SCI-Camp Hill," whom Ballard claims took pictures of his injuries following the March 30, 2008 incident, but otherwise failed to provide any medical treatment for the injuries.  (Am. Compl. ¶ 5, Doc. 19).  Collectively, these four Defendants are known as the "Medical Defendants."

The Corrections Defendants have made a Motion to Dismiss alleging that the Plaintiff's Action falls outside of the two-year statute of limitations provided by 42 U.S.C. § 1983 under Pennsylvania's personal injury statute.  (Doc. 25).  Additionally, they have also moved to dismiss the claims against Defendants Palakovich and Zobitne on the grounds that Plaintiff has failed to state a cognizable claim against them upon which relief can be granted.  Separately, the Medical Defendants have also moved to dismiss Plaintiff's claims.  (Doc. 28).  They argue that the Plaintiff's Eighth Amendment claims of deliberate indifference to his medical needs are time-barred or inappropriate as failing to exhaust all available administrative remedies.  Furthermore, to the extent that Plaintiff is bringing medical

---

[1]The "Corrections Defendants" include CO 1 Williams, CO Joseph Martin, CO Victor Fulton, David Stockholm, John A. Palakovich, CO 1 Bryan Stubbs and Renee Zobitne.

malpractice claims against them, the Medical Defendants assert that these claims must be dismissed because Plaintiff has failed to file a timely certificate of merit as required by Rule 1042.3 of the Pennsylvania Rules of Civil Procedure.

The Magistrate Judge recommended the Corrections Defendants' Motion be denied in respect to their contention that Plaintiff's claims against them was time-barred.  The Magistrate Judge further recommended that Plaintiff's claims against Defendants Palakovich and Zobitne be dismissed, though would allow Ballard an opportunity to amend his claims against those two Defendants.  Further, the Magistrate Judge recommended that Plaintiff's claims for medical malpractice against the Medical Defendants be dismissed without prejudice for failure to comply with Pa. R. Civ. P. 1042.3.  However, the Magistrate Judge recommended that the Medical Defendants' Motions be denied in all other respects.

Plaintiff has filed an Objection to the Report and Recommendation (Doc. 44), and both sets of Defendants have filed briefs in opposition to that Objection (Docs. 47 and 48).  For the reasons below, the Court will adopt the Report and Recommendation in full and will recommit the matter to the Magistrate Judge for further proceedings.

## II. Discussion

### A. Legal Standard for Reviewing a Report and Recommendation

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984).  In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or

legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the court should review uncontested portions for clear error or manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998).

Here, the Court reviews the portions of the Report and Recommendation which the Plaintiff objects to *de novo*.  The remainder of the Report and Recommendation is reviewed for clear error.

## B. Legal Standard for a Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether a plaintiff will ultimately prevail.  *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement

4

required by Rule 8(a)(2) must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211. Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

As such, the inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. "When there are well-pleaded factual allegations, a court should assume their

veracity and then determine whether they plausibly give rise to an entitlement to relief."
*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

**C. Dismissal of Claims Against Defendants Palakovich and Zobitne**

Plaintiff first contests the Magistrate Judge's determination that his claims against Defendants Palakovich and Zobitne should be dismissed. (Objection at 2, Doc. 44).

Plaintiff's claims against Defendants Palakovich and Zobitne are apparently based upon their alleged mishandling of Plaintiff's grievances stemming from the March 30, 2008 incident.[2]  Specifically, Plaintiff argues in his Objection that these two Defendants were expressly notified of the prison's alleged failure to address his requests for medical treatment and claims of stolen property. (*Id.*). Yet, they "ignored/refused to supervise and provide adequate help/treatment" and "also refused to rectify discrepancies in regards to the true

---

[2]Plaintiff specifically alleges Palakovich and Zobitne violated his rights as established under the Eighth and Fourteenth Amendments to the United States Constitution. (Objection at 2, Doc. 44).

worth of the Plaintiff's property that was stolen." (*Id.*).

As the Report and Recommendation correctly points out, "an inmate has no constitutional right to a grievance procedure," and denial of a grievance does "not infringe upon [an inmate's] constitutional right to petition the government for redress." *Caldwell v. Beard*, 324 Fed. Appx. 186, 189 (3d Cir. 2009). "Prisoners do have a constitutional right to seek redress of their grievances from the government, but that right is the right of access to the courts, and this right is not compromised by the failure of the prison to address his grievances." *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997). Therefore, the Court notes that while redress for the alleged failure of the grievance system is not itself actionable as a constitutional violation, the predicate grievance itself, not apparently sought in the instant case, may be pursued through other channels.

However, the Magistrate Judge failed to consider that "[i]t is also possible to establish section 1983 supervisory liability by showing a supervisor tolerated past or ongoing misbehavior." *Argueta v. United States Immigration & Customs Enforcement*, 643 F.3d 60, 72 (3d Cir. 2011) (citing *Baker v. Monroe Township*, 50 F.3d 1186, 1191 n.3 (3d Cir. 1995). While merely mishandling a grievance may not be a constitutional violation, "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *A.M. v. Luzerne County Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004).

In his response brief, Plaintiff suggests that this may well be the sort of liability he is seeking against Palakovich and Zobitne, averring that their actions were "tantamount to

supervisory liability." (Doc. 51 at 2).  Admittedly, this claim is difficult to glean from Plaintiff's Amended Complaint.  He merely states that Defendant Zobitne, as Unit Manager, had disregarded the Plaintiff's request and never responded back.  (Am. Compl. at 5, Doc. 19). And, although the exact hierarchy at the prison is not explained, this claim could serve as the foundation for supervisor liability.  As for Defendant Palakovich, the allegations are even more barren, though it is clear that Ballard is claiming that Defendant Palakovich acted intentionally in depriving Plaintiff of his property.  (*Id.*).  As such, both of these potential claims are insufficient to survive the Motion to Dismiss, even under the liberal *pro se* pleading standard,[3] as additional factual recitations are required.  However, as explained below, Plaintiff will be given leave to amend.

In specific regard to Ballard's requests for medical treatment, "absent a reason to believe (or actual knowledge) that Prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference."  *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).  In his Objection, Ballard does not allege that there was any concrete reason for either Defendant to believe that the prison doctors were mistreating him, nor does Plaintiff's Amended Complaint.  Instead, he merely avers that Defendant Zobitne had disregarded Plaintiff's grievances as he apparently never responded back or investigated. (Compl. at 5, Doc, 19).  However, deliberate indifference is not automatically established where a prison employee "fail[s] to respond directly to the medical complaints of a prisoner

---

[3]The Court acknowledges that "[e]ven in the formal litigation context, *pro se* litigants are held to a lesser pleading standard than other parties."  *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008).

who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). "If a prisoner is under the care of medical experts . . ., a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill*, 372 F.3d at 218.

The Court agrees with the Magistrate Judge's analysis that Plaintiff's claims against Palakovich and Zobitne fail to state a cognizable claim upon which relief may be granted, and therefore will dismiss all claims against these two Defendants. However, the Court also agrees that leave to amend is appropriate in this instance. "[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (citation omitted). Furthermore, Federal Rule of Civil Procedure Rule 15(a) directs the Court to "freely give leave when justice so requires." This principle applies even in situations where Plaintiffs do not seek such a leave to amend, though a court may ultimately dismiss if the Plaintiff does not ultimately submit such an amended pleading. *Phillips*, 515 F.3d at 245. Therefore, the Court will afford Plaintiff an opportunity to amend his Complaint.

**D. Dismissal of Medical Malpractice Claims for Plaintiff's Noncompliance with Rule 1042.3 of the Pennsylvania Rules of Civil Procedure**

Plaintiff's second objection concerns the Magistrate Judge's finding that his claims against the Medical Defendants should be dismissed for failure to comply with Pennsylvania Rules of Civil Procedure Rule 1042.3. (Objection at 3, Doc. 44).

This Rule provides in pertinent part:

Rule 1042.3. Certificate of Merit

(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa. R. Civ. P. 1042.3. "The rule applies to *pro se* and represented plaintiffs alike and constitutes a rule of substantive state law with which plaintiffs in federal court must comply." *Perez v. Griffin*, No. 1:06-CV-1468, 2008 WL 2383072, at *3 (M.D. Pa. June 9, 2008).

The Defendants made clear their intention to seek dismissal of the Complaint if the Plaintiff failed to file such a Certificate of Merit ("COM") as provided above. (Doc. 17). After receiving an extension of time to file the COM until November 8, 2010 (Doc. 22), on November 2, 2010, Plaintiff ultimately filed a "Motion for Pleading Special Matters." (Doc. 34). In response to this filing, the Magistrate Judge commented that it was unclear what exactly Ballard was seeking in his Motion, and denied it to the extent that it was a further request for additional time to file. (Doc. 37 at 4). However, the Magistrate Judge elected to "construe this pleading as Ballard's effort to comply with Rule 1042.3 by certifying that he will

not rely upon any expert testimony to support his claim, and will leave the question of the adequacy of this certificate of merit for resolution at another time." (*Id.*).  However, in his Report and Recommendation, the Magistrate Judge simply opined that Plaintiff's "failure to comply with Rule 1042.3 is now a bar to this state-law claim." (Report and Recommendation at 20, Doc. 38).

 The Magistrate Judge never endeavored on an analysis to determine whether the Plaintiff's attempted COM sufficed for his malpractice action.   Plaintiff argues that the Magistrate Judge misconstrued his November 2nd Motion and failed to acknowledge his submission of a COM.  (Doc. 44 at 3).   The Court is inclined to agree.   Upon closer inspection of the November 2nd Motion, it is clear that Ballard was attempting to satisfy the third prong of Pa. R. Civ. P. 1042.3 in which a COM may be predicated on a declaration that expert testimony will not be necessary in a particular case.[4]  Though he does not style his Motion explicitly as a "Certificate of Merit," Plaintiff specifically requests in his Motion that the Court permit the case to proceed, citing both the Rule and case law for the proposition that "expert testimony of an appropriate licensed profession is unnecessary for the prosecution of the claim."  (Doc. 34 at 1-2).

 "We construe *pro se* filings liberally, and hold them 'to less stringent standards than formal pleadings drafted by lawyers.'" *Bivings v. Wakefield*, 316 Fed. Appx. 177, 181 (3d Cir. 2009) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  Thus, while I am inclined to find that Plaintiff filed a sufficient COM with the Court, I will reserve judgment on this issue as

---

[4]The Court also notes that, to the extent Plaintiff files a Certificate of Merit under part (c), Plaintiff will be precluded at trial from presenting expert testimony at trial.  Note to Pa. R. Civ. P. No 1042.3(c)(3).

Plaintiff has squarely failed to comply with part (b) of the rule, providing that "a separate certificate of merit shall be filed as to each licensed professional against whom a claim is asserted." Pa. R. Civ. P. 1042.3(b)(1). In so much as Plaintiff has not fulfilled this aspect of the Pennsylvania Rules, the Court agrees with the Magistrate Judge that Rule 1042.3 has not been satisfied.

Therefore, the Court will adopt the Magistrate Judge's determination that the medical malpractice claim must now be dismissed. (Doc. 38 at 22). "The failure to submit such a certificate is, in state court, fatal to a plaintiff's claim: under Rule 1042.6, if, after 60 days, the plaintiff has not submitted the certificate, the defendant can direct the prothonotary to enter a judgment of non pros." *McElwee Group, LLC v. Mun. Auth. of Elverson*, 476 F. Supp. 2d 472, 475 (E.D. Pa. 2007). However, there is no direct analog for such a disposition in the federal courts, and "this lack of uniformity between federal and state enforcement of the COM rule produces awkward procedural issues for a federal court adjudicating these motions." *Keel-Johnson v. Amsbaugh*, No. 1:07-CV-200, 2009 WL 648970 at *3 (M.D. Pa. March 10, 2009).

However, "[u]nlike dismissal with prejudice, the entry of judgment non pros is a default judgment that does not bar the plaintiff from commencing another suit upon the same cause of action." *Bresnahan v. Schenker*, 498 F. Supp. 2d 758, 762 (E.D. Pa. 2007) (citation omitted). In fact, Pa. R. Civ. P. 3051, allows a plaintiff to avoid a non pros judgment where they can demonstrate a compelling excuse for failing to follow Rule 1042.3. *Womer v. Hilliker*, 589 Pa. 256, 272 (Pa. 2006). As such, federal courts have determined that the non pros disposition "is effectively the same as a dismissal without prejudice." *Keel-Johnson*,

12

2009 WL 648970 at *3.   Therefore, the Magistrate Judge's determination that, having determined that Plaintiff had failed to meet the requirements of Rule 1042.3, the Plaintiff's claim should be dismissed without prejudice was not in clear error and the Court will adopt this  Recommendation.

### III. Conclusion

In my review of the Magistrate Judge's Report and Recommendation, I find that the non-objected portions, specifically the Magistrate Judge's determination that Plaintiff's claims are not time-barred, were not in clear error.   As for the objected portions, I agree with the Magistrate Judge's ultimate determinations that Plaintiff's claims against Defendants Palakovich and Zobitne should be dismissed, but will grant Plaintiff leave to amend to correct those allegations.   As for the medical malpractice claims against the Medical Defendants, Plaintiff's claim will be dismissed without prejudice.

An appropriate order follows.


 October 25, 2011                                      /s/ A. Richard Caputo
Date                                                         A. Richard Caputo
                                                               United States District Judge


13

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

TODD DARRELL BALLARD,

    Plaintiff,

       v.

CO 1 WILLIAMS, et al.,

    Defendants.

CIVIL ACTION NO. 3:10-CV-1456

(JUDGE CAPUTO)

(MAGISTRATE JUDGE CARLSON)

## <u>ORDER</u>

    **NOW** this 25th day of October, 2011,  after consideration of Magistrate Judge Martin C. Carlson's Report and Recommendation  (Doc. 38), **IT IS HEREBY ORDERED THAT**:

    (1)    The Report and Recommendation is **ADOPTED**.

    (2)    Plaintiff's claims against Defendants Palakovich and Zobitne are **DISMISSED**. Plaintiff is given thirty (30) days from the date of this Order to file an amended complaint against these Defendants.

    (3)    Plaintiff's medical malpractice claims against the Medical Defendants are **DISMISSED** without prejudice for failure to comply with Pa. R. Civ. P. 1042.3.

    (4)    This matter is **RECOMMITTED** to the Magistrate Judge.

           /s/ A. Richard Caputo
           A. Richard Caputo
           United States District Judge