IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TODD DARRELL BALLARD, | : | |
| | : | |
| Plaintiff | : | Civil Action No. 3:10-CV-1456 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| CO 1 WILLIAMS, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |

## MEMORANDUM ORDER

**I.   Background**

Todd Darrell Ballard, an inmate formerly incarcerated at the State Correctional Institution at Camp Hill who is proceeding *pro se*, commenced the above-captioned action on June 28, 2010, asserting that prison staff and officials violated his constitutional rights following an altercation between Ballard and his cellmate on March 30, 2008.  Ballard claims that corrections officers at SCI-Camp Hill entered his cell following the altercation, and that the officers assaulted him and burned him on a radiator during this process.  (Doc. 19, Am. Compl, ¶ 1)

Presently, there are two motions before the Court:  A motion for stay filed by Ballard and a motion for sanctions filed by the defendants.  Both motions relate to the scheduling of a deposition of the plaintiff in this case, and we have set a briefing schedule on these motions to promptly and fairly resolve this aspect of the parties'

dispute. In connection with these motions Ballard has now filed a motion for subpoena, (Doc. 80), which seeks subpoenas compelling non-party witnesses to provide affidavits to Ballard relating to the issues raised in these other motions. For the reasons set forth below, we will deny this request.

## II. Discussion

Ballard seeks the issuance of subpoenas in support of the litigation of pretrial motions. To the extent that Ballard seeks to use subpoenas directed to non-parties as a discovery tool in connection with pretrial motions, we note that rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l

Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This broad discretion also extends to decisions regarding whether to issue subpoenas to *pro se* litigants. Gay v. Petsock, 917 F.2d 768, 773 (3d Cir. 1990). In this case, in exercising our discretion, we will deny this request at the present time. In our view the issues raised by the parties' motion to stay and motion for sanctions are subject to resolution without the compelled production of affidavits from third party witnesses. Therefore, since we believe that these issues cannot be resolved with such subpoenas and affidavits, we will deny this request, without prejudice to reconsidering this issue should we determine that statements from these third parties are essential to informed decision-making in this matter.

Accordingly, for the foregoing reasons the plaintiff's's motion for subpoenas (Doc. 80), is DENIED without prejudice.

So ordered this 2d day of March, 2011.

<u>*S/Martin C. Carlson*</u>
Martin C. Carlson
United States Magistrate Judge