# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TODD DARRELL BALLARD,** | : | |
| | : | |
| **Plaintiff** | : | **Civil No. 3:10-CV-1456** |
| | : | |
| **v.** | : | **(Judge Caputo)** |
| | : | |
| **CO 1 WILLIAMS, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

On April 23, 2012, plaintiff filed a motion requesting that the court serve his amended complaint upon Marcie Boyer and Phil Richardson.  (Doc. 94.)  Plaintiff never filed a brief in support of this motion, and defendants did not file a response to the motion.  Thereafter, plaintiff submitted letters seeking information about the status of his request to have these individuals served with the amended complaint. (Docs. 97, 98.)

As a threshold matter, we note that plaintiff identified Phil Richardson as a defendant in the amended complaint (Doc. 68), and we will direct the amended complaint be served upon this defendant.

In contrast, however, plaintiff has never identified Marcie Boyer as a defendant in any pleading filed in this action, nor has he amended his complaint to substitute Marcie Boyer for the "Jane Doe" defendant named in the pleadings.  Instead, plaintiff

has, for the first time, merely identified Ms. Boyer as the "Jane Doe" party in the motion to have the amended complaint served upon Ms. Boyer. (Doc. 94.)

Because plaintiff never identifies Ms. Boyer in the very pleading that he has asked the court to serve upon Ms. Boyer, we find that his service request is premature and improper. Instead, we will direct plaintiff to file a motion seeking leave to amend the complaint to substitute Ms. Boyer for Jane Doe as a defendant in this action. Because plaintiff has already amended his complaint once, and because defendants have answered the amended complaint, plaintiff must obtain leave of court to file a second amended complaint, and defendants should have an opportunity to respond to a request to amend the complaint for a second time. See Fed. R. Civ. P. 15(a)(1) and (2).

Furthermore, although we will not prejudge a motion that Ballard may file for leave to file a second amended complaint, we do note for plaintiff's benefit that his efforts to substitute Ms. Boyer as a defendant may implicate the statute of limitation applicable to his claims against this individual.

Plaintiff has brought his claims in this action pursuant to 42 U.S.C. § 1983. Claims brought pursuant to this federal statute are subject to the statute of limitations governing tort claims under applicable state law. See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Pennsylvania law subjects tort claims to a two-year statute of limitations

period.  <u>See</u> 42 Pa. Cons. Stat. Ann. § 5524.  In this case, plaintiff alleges that "Jane Doe" failed to treat him for alleged injuries on March 30, 2008.  (Doc. 68, at 4.) Plaintiff initially commenced this action on June 29, 2010, (Doc. 2.), and he thereafter amended the complaint on December 15, 2011 (Doc. 68.).  Plaintiff did not identify Ms. Boyer as the "Jane Doe" defendant in either of these pleadings, and he must now seek leave to file a second amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure if he wishes to add Ms. Boyer as a defendant.  <u>See</u> <u>Garvin v. City of Philadelphia</u>, 354 F.3d 215, 221 (3d Cir. 2003) (replacing the name John Doe with a party's real name amounts to the changing of a party or the naming of a party under Rule 15(c)).

Although Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave to amend shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), because plaintiff's proposed amendment to add claims against Ms. Boyer would be filed well after the statute of limitations on his proposed claims against Ms. Boyer would have expired, he must seek leave of court to amend his complaint pursuant to Rule 15(c), which permits a plaintiff, in limited instances, to amend a complaint "as if it had been filed at the time of the original complaint."  <u>Singletary v. Pa. Dept. of Corr.</u>, 266 F.3d 186, 189 (3d Cir. 2001).

Pursuant to its terms, Rule 15(c)(1) applies in three situations:

(1)  **When an Amendment Relates Back.**  An amendment to a pleading relates back to the date of the original pleading when:

    (A)  the law that provides the applicable statute of limitations allows relation back;

    (B)  the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or

    (C)  the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

        (i)  received such notice of the action that it will not be prejudiced in defending on the merits; and

        (ii)  knew or should have known that the action against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

The United States Court of Appeals for the Third Circuit has explained the application of the rule as follows:

> The Rule is written in the conjunctive, and courts interpret [15(c)(1)(C)] as imposing three conditions, all of which must be met for a successful relation back of an amended complaint that seeks to substitute newly named defendants. The parties do not dispute that the first condition – that the claim against the newly named defendants must have arisen "out of the conduct, transaction, or occurrence set forth or

attempted to be set forth in the original pleading – is met. The second and third conditions are set out in [15(c)(1)(C)(i) and (ii)], respectively, and must be met "within the period provided by Rule 4(m) for service of the summons and complaint," Fed. R. Civ. P. [15(c)(1)(C)], which is "120 days after the filing of the complaint," Fed. R. Civ. P. 4(m). The second condition is that the newly named party must have "received such notice of the institution of the action [within the 120 day period] that the party will not be prejudiced in maintaining a defense on the merits." Fed. R. Civ. P. [15(c)(1)(C)(i)]. Urrutia [v. Harrisburg County Police Dept., 91 F.3d 451, 458 (3d Cir. 1996)] states that this condition "has two requirements, notice and the absence of prejudice, each of which must be satisfied." 91 F.3d at 458. The third condition is that the newly named party must have known, or should have known, (again, within the 120 day period) that "but for a mistake" made by the plaintiff concerning the newly named party's identity, "the action would have been brought against" the newly named party in the first place. Fed. R. Civ. P. [15(c)(1)(C)(ii)].

Singletary, 266 F.3d at 194 (some citations omitted).

Thus, although we find that Plaintiff should be required to amend his complaint to substitute Ms. Boyer as the "Jane Doe" defendant named in the first amended complaint, we also find that Plaintiff must first seek leave to file a second amended pleading. We also observe that Rule 15(c) of the Federal Rules of Civil Procedure may have implications for Plaintiff's proposed amended complaint at this late date, as we summarized briefly above.

Accordingly, IT IS HEREBY ORDERED THAT:

1.      The Clerk of Court is directed to plaintiff's amended complaint on Phil Richardson in accordance with F.R.C.P. 4.  Mr. Richardson is requested to waive service pursuant to Rule 4(d).[1]

2.      If plaintiff seeks to substitute Marcy Boyer for the "Jane Doe" defendant named in the amended complaint, he must file a motion for leave to file a second amended complaint pursuant to Rule 15(a)(2) and Rule 15(c) within 20 days from the date of this order.

                                        */s/ Martin C. Carlson*
                                        Martin C. Carlson
                                        United States Magistrate Judge

Dated: July 31, 2012

---

[1]The Marshal will send the form Notice of Lawsuit and Request for Waiver of Service of Summons to Mr. Richardson.