**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TODD DARRELL BALLARD, | : | |
| | : | |
| Plaintiff | : | Civil No. 3:10-CV-1456 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| CO 1 WILLIAMS, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Now pending before the Court is Plaintiff's motion seeking leave to file a second amended complaint in this action in order to name Nurse Marcie Boyer as a Defendant in this case, in place of the "Jane Doe" Defendant previously named in her place. (Doc. 106.) Plaintiff has also moved for an order directing that the proposed second amended complaint be served upon Nurse Boyer, a nurse at the State Correctional Institution at Camp Hill. (Doc. 105.) The Pennsylvania Office of General Counsel has filed a brief in opposition to Plaintiff's motion for leave to amend, arguing that the proposed amendment to name Marcy Boyer as a Defendant, and have her substituted for the "Jane Doe" Defendant in this case, should be denied because the claims are barred by the statute of limitations. (Doc. 108.) Because we

1

agree that Plaintiff's claims are time-barred, and that Plaintiff's proposed amendment to name Nurse Boyer does not satisfy Rule 15(c)(1) of the Federal Rules of Civil Procedure with respect to the relation back of amendments to the original pleading, we are constrained to recommend that the motion for leave to amend be denied.

## II. **BACKGROUND**

Todd Darrell Ballard, an inmate formerly incarcerated at the State Correctional Institution at Camp Hill who is proceeding *pro se*, commenced the above-captioned action in the United States District Court for the Western District of Pennsylvania on June 28, 2010, asserting that prison staff and officials violated his constitutional rights following an altercation between Ballard and his cellmate on March 30, 2008. Ballard claims that corrections officers at SCI-Camp Hill entered his cell following the altercation, and that the officers assaulted him and burned him on a radiator during this process. (Doc. 68, Am. Compl.)  In this regard, Plaintiff alleges that he was slammed against the wall multiple times, and that he suffered burns when his head was pressed against a radiator after he was forced to the floor and handcuffed. Plaintiff also alleges that some of the Defendants failed to intervene.  (Id.)  Ballard further avers that corrections staff stole some of his personal property, and he charges that Defendants Zobitne and Palakovich failed to investigate adequately his

complaints about the alleged assault and stolen property after he filed a grievance regarding the March 30, 2008 incident.

In addition, Ballard sued three of the prison's physicians assistants, Linda Diebert, Kristin Barbacci, and Colleen Newfield, alleging that each rendered inadequate medical treatment to him for injuries that he sustained as a result of the alleged March 30, 2008 assault. In addition to these three named medical professionals, Ballard has also sued a "Jane Doe" Defendant, whom he claims is "a medical staff employee at SCI-Camp Hill," and he alleges took pictures of his injuries following the March 30, 2008 incident, but otherwise failed to provide any medical treatment for the injuries. (Id.)

The Corrections Defendants[1] moved to dismiss the complaint on the grounds that Plaintiff's constitutional claims were barred by the two-year limitations period applicable to actions brought under 42 U.S.C. § 1983. Additionally, these Defendants moved to dismiss the claims against Defendants Palakovich and Zobitne on the grounds that Plaintiff's claims against them for their role in handling his grievance fail to state a cognizable claim upon which relief can be granted.

---

[1] These Defendants consist of: Correctional Officers Joseph Martin, Victor Fulton, David Stockholm, and Bryan Stubbs; and John A. Palakovich and Renee Zobitne, who appear to be unit managers or other supervisory officials at SCI-Camp Hill.

The Medical Defendants moved to dismiss Plaintiff's claims against them for two different reasons. First, these Defendants argued that to the extent Plaintiff brought claims against them for alleged deliberate indifference to his medical needs in violation of the Eighth Amendment, these claims are time-barred or otherwise incapable of being brought in federal court because Plaintiff failed to exhaust administrative remedies relating to them. Second, to the extent Plaintiff's claims sound in negligence for medical malpractice under Pennsylvania state law, the Medical Defendants asserted that the claims must be dismissed because Plaintiff failed to file a timely certificate of merit as required by Rule 1042.3 of the Pennsylvania Rules of Civil Procedure.

On December 9, 2010, we issued a report and recommendation in which we recommended that the motions be granted in part and denied in part. (Doc. 38.) On October 25, 2011, the District Court entered an order that adopted the report and recommendation, and permitted Plaintiff to file a second amended complaint. (Doc. 62.) On December 15, 2011, Plaintiff filed a second amended complaint, which the Corrections Defendants and Medical Defendants have answered. (Docs. 68, 70, 71.)

By memorandum order dated July 31, 2012, the Court directed Plaintiff to file a motion for leave to amend the complaint in order to substitute Nurse Marcie Boyer for the "Jane Doe" Defendant named in the original caption. However, in that

memorandum order, the Court took care to observe for Plaintiff that the applicable statute of limitations governing Plaintiff's claims against Nurse Boyer may be implicated, and that the facts may not satisfy the relation-back provisions of Rule 15(c)(1) of the Federal Rules of Civil Procedure to allow for Plaintiff to bring his claims against Nurse Boyer at this time. (Doc. 103.) On August 6, 2012, Plaintiff moved the Court to order service of the second amended complaint upon Nurse Boyer. (Doc. 105.) On August 17, 2012, Plaintiff moved for leave to file a third amended complaint, in order to name Nurse Boyer as a Defendant in place of the "Jane Doe" Defendant he originally named. (Doc. 106.)

**III.  DISCUSSION**

The allegations against the "Jane Doe" Defendant relate to events that allegedly occurred on March 30, 2008, when this Defendant is alleged to have photographed but failed to treat Plaintiff for injuries suffered at the hands of corrections officers. The claims against this Defendant are for medical malpractice or are otherwise for civil rights violations for deliberate indifference to a serious medical need and are brought pursuant to 42 U.S.C. § 1983.

Although this civil rights statute does not contain a statute of limitations, the United States Supreme Court has held that federal courts should apply the applicable state statute of limitations for personal injury actions in determining the statute of

limitations to be applied to a plaintiff's civil rights claim.  See Wilson v. Garcia, 471 U.S. 261, 280 (1985); Garvin v. University of Pittsburgh, 354 F.3d 215, 220 (3d Cir. 2003).  In Pennsylvania, the applicable statute of limitations for personal injury actions, including medical malpractice, is two years.  See 42 Pa. Cons. Stat. Ann. § 5524.  Accordingly, the two-year statute of limitations on Plaintiff's claims against the Jane Doe Defendant would appear to have expired on March 30, 2010.

Although Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave to amend shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), because Plaintiff's proposed amendment to add claims against Nurse Boyer would be filed approximately two and one-half years after the statute of limitations on his proposed claims against Nurse Boyer would have expired, he must seek leave of Court to amend his complaint pursuant to Rule 15(c), which permits a plaintiff, in limited instances, to amend a complaint "as if it had been filed at the time of the original complaint."  Singletary v. Pa. Dept. of Corr., 266 F.3d 186, 189 (3d Cir. 2001).

Pursuant to its terms, Rule 15(c)(1) applies in three situations:

(1) **When an Amendment Relates Back.**  An amendment to a pleading relates back to the date of the original pleading when:

    (A) the law that provides the applicable statute of limitations allows relation back;

>    (B)   the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
>    (C)   the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>       (i)   received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>       (ii)  knew or should have known that the action against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

The United States Court of Appeals for the Third Circuit has explained the application of the Rule as follows:

> The Rule is written in the conjunctive, and courts interpret [15(c)(1)(C)] as imposing three conditions, all of which must be met for a successful relation back of an amended complaint that seeks to substitute newly named defendants. The parties do not dispute that the first condition – that the claim against the newly named defendants must have arisen "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading – is met. The second and third conditions are set out in [15(c)(1)(C)(i) and (ii)], respectively, and must be met "within the period provided by Rule 4(m) for service of the summons and complaint," Fed. R. Civ. P. [15(c)(1)(C)], which is "120 days after the filing of the complaint," Fed. R. Civ. P. 4(m). The second condition is that the newly named party must have "received such notice of the institution of the action [within the 120 day period] that the party will not be prejudiced in maintaining a defense on the merits." Fed. R. Civ. P. [15(c)(1)(C)(I)]. Urrutia [v. Harrisburg County Police Dept., 91 F.3d

> 451, 458 (3d Cir. 1996)] states that this condition "has two requirements, notice and the absence of prejudice, each of which must be satisfied." 91 F.3d at 458. The third condition is that the newly named party must have known, or should have known, (again, within the 120 day period) that "but for a mistake" made by the plaintiff concerning the newly named party's identity, "the action would have been brought against" the newly named party in the first place. Fed. R. Civ. P. [15(c)(1)(C)(ii)].

Singletary, 266 F.3d at 194 (some citations omitted). In accordance with the foregoing,

> we are concerned with three issues: (1) did [Boyer] receive notice of the institution of the action before [July 28, 2010] (which is 120 days after the complaint was filed); (2) was the notice that [Boyer] received sufficient that [s]he was not prejudiced in maintaining [her] defense; and (3) did [Boyer] know (or should [s]he have known) by [July 28, 2010] that but for a mistake [Plaintiff] would have named [her] as a party in the original complaint? As explained above, the answers to all these questions must be "yes" for [Plaintiff] to prevail on her Rule [15(c)(1)(C)] argument.

Id. Application of this test to the case before the Court compels the conclusion that Plaintiff has not demonstrated that Rule 15(c) permits a relation-back amendment of the complaint to add Ms. Boyer as a Defendant.

Plaintiff suggests that when he commenced this action, and apparently until recently, he did not have access to the identification of the nurse who photographed and evaluated him on March 30, 2008. Apparently, for that reason, Plaintiff included a "Jane Doe" as a placeholder Defendant. It appears that Plaintiff is contending that

it was not until the parties had engaged in discovery, but after the statute of limitations had run, that he became aware that Ms. Boyer was among the medical personnel who saw Plaintiff on March 30, 2008.

Although Plaintiff has provided little argument in support of his request that he be permitted now to name Ms. Boyer as a Defendant regarding events that occurred approximately four and one-half years ago, we will consider whether Ms. Boyer might have received "imputed notice" of the action under two separate theories, and whether amendment should further be permitted because within the 120-day period following the commencement of this action, Ms. Boyer should have known that but for a mistake concerning her identity, she would have been named as a Defendant in this action. As discussed below, we do not find that these limited exceptions to the statute of limitations apply in this case.

### A.    Identity of Interest

To the extent Plaintiff believes that Ms. Boyer should be deemed to have received imputed notice through the "identity of interest" method because of allegations against other prison and medical staff in the original complaint, we disagree.

In Singletary, the Third Circuit accepted the "identity of interest" method for imputing notice for purposes of Rule 15(c). 266 F.3d at 198. In that case, the appeals

court considered whether a staff psychologist employed by the Department of Corrections who worked at SCI-Rockview could be deemed to have a sufficiently identical interest with the prison so that notice given to SCI-Rockview could be imputed to the psychologist. The court concluded that the staff psychologist had no administrative or supervisory duties at the prison, and thus his employment alone could not serve as a sufficient basis to find an identity of interest, "because [he] was clearly not highly enough placed in the prison hierarchy for us to conclude that his interests as an employee are identical to the prison's interests." Id. at 199. The court found that "absent other circumstances that permit the inference that notice was actually received, a non-management employee . . . does not share a sufficient nexus of interests with his or her employer so that notice given to the employer can be imputed to the employee for Rule [15(c)(1)(C)] purposes." Id. at 200.

We find that the circumstances of Ms. Boyer's employment compel a similar result. Upon consideration we find there is not a sufficient basis to conclude that Ms. Boyer's interests as a nurse at the prison are so closely aligned with those of the other Medical Defendants, or other correctional staff, to permit the inference that Ms. Boyer received timely imputed notice of this action. In addition, we do not find "other circumstances that permit the inference that notice was actually received" by Ms. Boyer about this lawsuit to permit amendment at this late date.

B.     **Shared Attorney**

We similarly find insufficient basis to conclude that Nurse Boyer received constructive notice of this action under the "shared attorney" method of imputing notice.

"The 'shared attorney' method of imputing Rule [15(c)(1)(C)] notice is based on the notion that, when an originally named party and the party who is sought to be added are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action." Singletary, 266 F.3d at 196. The "fundamental issue" is whether the attorney's "later relationship with the newly named Defendant gives rise to the inference that the attorney, within the 120 day period, had some communication or relationship with, and thus gave notice of the action to, the newly named Defendant." Id.

In this case, there is simply no evidence that Defendants' counsel communicated to Ms. Boyer within the 120-day notice period about the action. In fact, Nurse Boyer has submitted a declaration in which she attests that she first learned of this action when she was contacted by counsel in August 2012. (Doc. 108, Appendix.) The Third Circuit has instructed that "a plaintiff must show that there was 'some communication or relationship' between the shared attorney and the John Doe defendant prior to the expiration of the 120-day period in order to avail him or

11

herself of the shared attorney method of imputing notice." Garvin v. City of Philadelphia, 354 F.3d 215, 225 (3d Cir. 2003). In this case, Plaintiff has come forward with no evidence that would demonstration any such "communication or relationship", and Nurse Boyer's declaration indicates that no such communication occurred.

Furthermore, counsel for the Corrections Defendants has stated in his brief that he has never represented Nurse Boyer, and he has never provided any indication that he represented the "Jane Doe" Defendant identified in the complaints that have been filed. (Doc. 108, at 7.)

Finding no evidence that could support a finding that the "shared attorney" test has been satisfied, we must conclude that the "shared attorney" method of providing imputed notice has no application to this particular case, and provides no basis to permit Plaintiff to name Nurse Boyer as a Defendant approximately four and one-half years since the incidents alleged in the complaint, and more than two years since this action was first filed.[2]

---

[2] Moreover, we note that Defendants' counsel has not entered an appearance on behalf of Ms. Boyer, and is not presently representing her in this litigation. Under the "shared attorney" method of establishing imputed notice, the test "is not whether new defendants will be represented by the same attorney, but rather whether the new defendants are being represented by the same attorney." Garvin, 354 F.3d at 223. Accordingly, the fact that counsel is not presently representing Ms. Boyer is yet another reason why Plaintiff's argument regarding

**C. Mistake**

In addition, Plaintiff has argued that leave to amend should be granted pursuant to Rule 15(c)(1)(C)(ii) on the grounds that Ms. Boyer knew or should have known that, but for a mistake concerning her identity, the action would have been brought against her. Plaintiff represents that it was not until November 12, 2010, during the deposition of another DOC employee, that Ms. Boyer was identified as a nurse who saw Plaintiff on the day he suffered the injuries alleged in this action. Plaintiff again notes that he named three "John Does" and "Jane Does" because he was unaware of all of the identities of all the proper Defendants, and that his ignorance about their identities should constitute a mistake that permits a relation-back amendment pursuant to Rule 15(c).[3]

---

the "shared attorney" method of demonstrating imputed notice is unpersuasive. We recognize that a lawyer need not enter an appearance on behalf of an individual in order to represent that individual, Garvin, 354 F.3d at 224, but in this case Plaintiff has not come forward with any evidence that Defendants' counsel represented Ms. Boyer in any legal capacity during the 120-day notice period, or afterward.

[3] In Singletary, the Third Circuit adhered to circuit precedent that where a defendant's proper identity was unknown at the time the action commenced, "a plaintiff's lack of knowledge of a particular defendant's identity can be a mistake under Rule [15(c)(1)(C)(ii)]." Singletary, 266 F.3d at 200 (citing Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 175 (3d Cir. 1977).

The Third Circuit has observed that the relevant factors that go into an analysis of Rule 15(c)(1)(C)(ii) sometimes present "sticky issues", since it can be difficult to determine whether a putative defendant knew or should have known that she would have been named in a complaint if her identity had been known. Singletary, 266 F.3d at 201. In contrast to most other courts of appeal, the Third Circuit holds that ignorance about a proper party's identity can constitute a "mistake" under the Rule, and thus permits relation-back amendments where a plaintiff has named a "John Doe" or "Jane Doe" defendant, simply because the plaintiff did not know the party's identity. See id.; Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 175 (3d Cir. 1977); see also Trant v. Towamencin Twp., 1999 U.S. Dist. LEXIS 7302, 1999 WL 317032, at *5-6 (E.D. Pa. 1999); Trautman v. Lagalski, 28 F. Supp. 2d 327, 330 (W.D. Pa. 1998); Cruz v. City of Camden, 898 F. Supp. 1100, 1110 n.9 (D.N.J. 1995).

Upon consideration, we do not find that Plaintiff has demonstrated that Ms. Boyer should have known that, but for a mistake about her identity, she would have been named as a Defendant. Boyer's alleged involvement in this March 30, 2008, episode according to Ballard was extremely tangential and extraordinarily limited: She photographed Ballard after an altercation between Ballard and staff. It strains credulity to assert that from this single and mundane act in March 2008, Boyer knew or should have known that she was liable for an infraction of constitutional

dimensions such as would justify inserting her into this lawsuit four and one-half years after the events alleged in the complaint. In sum, Plaintiff has not persuaded us that the facts of this case are such that Ms. Boyer knew or should have known that she was intended to be the "Doe" Defendant.

## IV. <u>ORDER</u>

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED THAT Plaintiff's motion for leave to amend the complaint pursuant to Rule 15(c) of the Federal Rules of Civil Procedure and motion to serve Marcie Boyer, (Docs. 105 and 106.) are DENIED.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated: September 24, 2012