# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TODD DARRELL BALLARD,** | : | |
| | : | |
| Plaintiff | : | Civil No. 3:10-CV-1456 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **CO 1 WILLIAMS, et al.,** | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |

## MEMORANDUM ORDER

### I.  INTRODUCTION

Now pending before the Court is plaintiff's motion seeking reconsideration of the Court's order denying him leave to file a second amended complaint in this action in order to name Nurse Marcie Boyer as a defendant in this case, in place of the "Jane Doe" defendant previously named in her place, and to have this putative amended complaint served up Ms. Boyer. (Doc. 114.) We previously denied plaintiff's motion for leave to amend because we found that the claims against Nurse Boyer were time barred by the applicable statute of limitations, and because the legal requirements for the proposed amended complaint to relate back to the date of the original complaint filed in this case were not satisfied. (Doc. 113.)

Upon consideration, although we appreciate that plaintiff claims to have encountered difficulty in determining Ms. Boyer's identity during the course of this

litigation, and although we find plaintiff has made non-frivolous arguments in support of his motion for reconsideration, ultimately we are not prepared to depart from our earlier conclusion that he has failed to show that his proposed amended complaint naming Ms. Boyer as a defendant meets any of the requirements of Rule 15(c) of the Federal Rules of Civil Procedure, and we, therefore, continue to find that leave should not be granted to amend.

The fact remains that plaintiff's claims in this case relate to injuries he allegedly sustained in March 2008, more than four and one-half years ago; the statute of limitations applicable to plaintiff's claims is two years; and Ms. Boyer has submitted an affidavit in which she attests that remained entirely unaware of this litigation until August 2012 – more than two years after this litigation was initiated, and some 50 months after the events described in the complaint. Although plaintiff argues that his pursuit of administrative remedies within the Department of Corrections, and his commencement of this litigation against other prison and medical personnel, should have been sufficient to put Ms. Boyer on constructive notice of this lawsuit, consistent with case law we continue to disagree. Simply put, we do not find that Ms. Boyer had an identity of interest with other defendants in this lawsuit that put her on notice of this litigation. Likewise, plaintiff has been unable to show persuasively that the so-called "shared attorney" method of imputing notice has any

application in this case; in fact, the evidence submitted by Ms. Boyer and the named defendants' counsel demonstrates otherwise. Instead, unable to demonstrate an identity of interest of share attorney method of imputing notice, plaintiff relies upon arguments that his inability to learn the identity of the Jane Doe defendant until recently should sufficient reason to compel Ms. Boyer to defend allegations against her in an action that she learned of only recently, and which relates to an incident occurring years ago. Plaintiff's difficulty in obtaining identifying information notwithstanding, we do not find that the inability to discover this information serves to relief plaintiff from complying with the requirements of Rule 15(c) with respect to the relation back of pleadings.

Accordingly, because we continue to find that plaintiff's proposed amended complaint adding Marcy Boyer as a defendant does not satisfy the requirements of Rule 15(c) of the Federal Rules of Civil Procedure governing the relation-back of pleadings; and because continue to find that plaintiff's proposed claims against Ms. Boyer are barred by the applicable statute of limitations, we find no basis to reconsider our previous order, and plaintiff's motion for reconsideration will be denied.

## II. BACKGROUND

Todd Darrell Ballard, an inmate formerly incarcerated at the State Correctional Institution at Camp Hill who is proceeding *pro se*, commenced the above-captioned action in the United States District Court for the Western District of Pennsylvania on June 28, 2010, asserting that prison staff and officials violated his constitutional rights following an altercation between Ballard and his cellmate on March 30, 2008. Ballard claims that corrections officers at SCI-Camp Hill entered his cell following the altercation, and that the officers assaulted him and burned him on a radiator during this process. (Doc. 68, Am. Compl.) In this regard, plaintiff alleges that he was slammed against the wall multiple times, and that he suffered burns when his head was pressed against a radiator after he was forced to the floor and handcuffed. Plaintiff also alleges that some of the defendants failed to intervene. (Id.) Ballard further avers that corrections staff stole some of his personal property, and he charges that Defendants Zobitne and Palakovich failed to investigate adequately his complaints about the alleged assault and stolen property after he filed a grievance regarding the March 30, 2008 incident.

In addition, Ballard sued three of the prison's physicians assistants, Linda Diebert, Kristin Barbacci, and Colleen Newfield, alleging that each rendered inadequate medical treatment to him for injuries that he sustained as a result of the

4

alleged March 30, 2008 assault. In addition to these three named medical professionals, Ballard also sued a "Jane Doe" defendant, whom he claims is "a medical staff employee at SCI-Camp Hill," whom he claims took pictures of his injuries following the March 30, 2008 incident, but otherwise failed to provide any medical treatment for the injuries. (Id.)

The corrections defendants[1] moved to dismiss the complaint on the grounds that plaintiff's constitutional claims were barred by the two-year limitations period applicable to actions brought under 42 U.S.C. § 1983. Additionally, these defendants moved to dismiss the claims against defendants Palakovich and Zobitne on the grounds that plaintiff's claims against them for their role in handling his grievance fail to state a cognizable claim upon which relief can be granted.

The medical defendants moved to dismiss plaintiff's claims against them for two different reasons. First, these defendants argued that to the extent plaintiff brought claims against them for alleged deliberate indifference to his medical needs in violation of the Eighth Amendment, these claims are time-barred or otherwise incapable of being brought in federal court because plaintiff failed to exhaust

---

[1] These defendants consist of: Correctional Officers Joseph Martin, Victor Fulton, David Stockholm, and Bryan Stubbs; and John A. Palakovich and Renee Zobitne, who appear to be unit managers or other supervisory officials at SCI-Camp Hill.

5

administrative remedies relating to them. Second, to the extent plaintiff's claims sound in negligence for medical malpractice under Pennsylvania state law, the medical defendants asserted that the claims must be dismissed because plaintiff failed to file a timely certificate of merit as required by Rule 1042.3 of the Pennsylvania Rules of Civil Procedure.

On December 9, 2010, we issued a report and recommendation in which we recommended that the motions be granted in part and denied in part. (Doc. 38.) On October 25, 2011, the district court entered an order that adopted the report and recommendation, and permitted plaintiff to file a second amended complaint. (Doc. 62.) On December 15, 2011, plaintiff filed a second amended complaint, which the corrections defendant and medical defendants have answered. (Docs. 68, 70, 71.)

By memorandum order dated July 31, 2012, the Court directed plaintiff to file a motion for leave to amend the complaint in order to substitute Nurse Marcie Boyer for the "Jane Doe" defendant named in the original caption. However, in that memorandum order, the Court took care to observe for plaintiff that the applicable statute of limitations governing plaintiff's claims against Nurse Boyer may be implicated, and that the facts may not satisfy the relation-back provisions of Rule 15(c)(1) of the Federal Rules of Civil Procedure to allow for plaintiff to bring his claims against Nurse Boyer at this time. (Doc. 103.) On August 6, 2012, plaintiff

moved the Court to order service of the second amended complaint upon Nurse Boyer. (Doc. 105.) On August 17, 2012, plaintiff moved for leave to file a third amended complaint, in order to name Nurse Boyer as a defendant in place of the "Jane Doe" defendant he originally named. (Doc. 106.)

On September 24, 2012, we entered an order denying plaintiff's motion for leave to amend the complaint to substitute Marcy Boyer for the "Jane Doe" placeholder defendant named in the original pleading. (Doc. 113.) On October 10, 2012, plaintiff filed the instant motion seeking reconsideration of that order. (Doc. 114.)

### III. DISCUSSION

#### A. Motions for Reconsideration

The legal standards that govern motions for reconsideration of prior court rulings are both clear and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically, such a motion should only be granted in three narrowly defined circumstances, where a court finds: (1) that there has been an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a need to correct a clear error of law or prevent manifest injustice. Howard Hess

Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

In consideration of this narrow standard, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992). Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995). Moreover, a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F. Supp. at 830.

### B. There is No Basis to Reconsider the Court's Prior Ruling

Applying these guidelines to the motion before the Court, and acknowledging plaintiff's carefully presented arguments in support of the motion, we are nonetheless constrained to find that the motion should be denied.

First, as we underscored in our prior order, the allegations against the "Jane Doe" defendant relate to events that allegedly occurred on March 30, 2008, when this defendant is alleged to have failed to treat plaintiff for injuries suffered at the hands of corrections officers. The claims against this defendant are for medical malpractice

or are otherwise for civil rights violations for deliberate indifference to a serious medical need and are brought pursuant to 42 U.S.C. § 1983.

Although this civil rights statute does not contain a statute of limitations, the United States Supreme Court has held that federal courts should apply the applicable state statute of limitations for personal injury actions in determining the statute of limitations to be applied to a plaintiff's civil rights claim. See Wilson v. Garcia, 471 U.S. 261, 280 (1985); Garvin v. University of Pittsburgh, 354 F.3d 215, 220 (3d Cir. 2003). In Pennsylvania, the applicable statute of limitations for personal injury actions, including medical malpractice, is two years. See 42 Pa. Cons. Stat. Ann. § 5524. Accordingly, the two-year statute of limitations on plaintiff's claims against the Jane Doe defendant would appear to have expired on March 30, 2010.

Moreover, although Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave to amend shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), because plaintiff's proposed amendment to add claims against Nurse Boyer would be filed approximately two and one-half years after the statute of limitations on his proposed claims against Nurse Boyer would have expired, he must seek leave of Court to amend his complaint pursuant to Rule 15(c), which permits a plaintiff, in limited instances, to amend a complaint "as if it had been filed at the time

of the original complaint." Singletary v. Pa. Dept. of Corr., 266 F.3d 186, 189 (3d Cir. 2001).

Pursuant to its terms, Rule 15(c)(1) applies in three situations:

(1) **When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:

    (A) the law the provides the applicable statute of limitations allows relation back;

    (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or

    (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

        (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

        (ii) knew or should have known that the action against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

The United States Court of Appeals for the Third Circuit has explained the application of the rule as follows:

The Rule is written in the conjunctive, and courts interpret [15(c)(1)(C)] as imposing three conditions, all of which must be met for a successful relation back of an amended complaint that seeks to substitute newly

named defendants. The parties do no dispute that the first condition – that the claim against the newly named defendants must have arisen "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading – is met. The second and third conditions are set out in [15(c)(1)(C)(I) and (ii)], respectively, and must be met "within the period provided by Rule 4(m) for service of the summons and complaint," Fed. R. Civ. P. [15(c)(1)(C)], which is "120 days after the filing of the complaint," Fed. R. Civ. P. 4(m). The second condition is that the newly named party must have "received such notice of the institution of the action [within the 120 day period] that the party will not be prejudiced in maintaining a defense on the merits." Fed. R. Civ. P. [15(c)(1)(C)(I)]. Urrutia [v. Harrisburg County Police Dept., 91 F.3d 451, 458 (3d Cir. 1996)] states that this condition "has two requirements, notice and the absence of prejudice, each of which must be satisfied." 91 F.3d at 458. The third condition is that the newly named party must have known, or should have known, (again, within the 120 day period) that "but for a mistake" made by the plaintiff concerning the newly named party's identity, "the action would have been brought against" the newly named party in the first place. Fed. R. Civ. P. [15(c)(1)(C)(ii)].

Singletary, 266 F.3d at 194 (some citations omitted). In accordance with the foregoing,

> we are concerned with three issues: (1) did [Boyer] receive notice of the institution of the action before [July 28, 2010] (which is 120 days after the complaint was filed); (2) was the notice that [Boyer] received sufficient that [s]he was not prejudiced in maintaining [her] defense; and (3) did [Boyer] know (or should [s]he have known) by [July 28, 2010] that but for a mistake [Plaintiff] would have named [her] as a party in the original complaint? As explained above, the answers to all these questions must be "yes" for [Plaintiff] to prevail on her Rule [15(c)(1)(C)] argument.

11

<u>Id.</u>  Application of this test to the case before the Court compels the conclusion that plaintiff has not demonstrated that Rule 15(c) permits a relation-back amendment of the complaint to add Ms. Boyer as a defendant.

Plaintiff suggests that when he commenced this action, and apparently until recently, he did not have access to the identification of the nurse who photographed and evaluated him on March 30, 2008.  For that reason, plaintiff included a "Jane Doe" as a placeholder defendant.  It appears that plaintiff is contending that it was not until the parties had engaged in discovery, but after the statute of limitations had run, that he became aware that Ms. Boyer was among the medical personnel who saw plaintiff on March 30, 2008.

In our prior ruling, we found that plaintiff provided little argument in support of his request that he be permitted now to name Ms. Boyer as a defendant regarding events that occurred approximately four and one-half years ago, but we nevertheless considered whether Ms. Boyer might have received "imputed notice" of the action under two separate theories, and whether amendment should further be permitted because within the 120-day period following the commencement of this action, Ms. Boyer should have known that but for a mistake concerning her identity, she would have been named as a defendant in this action.  As discussed at length in our prior

order, we did not find that the limited exceptions for cases involving mistake, identity of interest or a shared attorney had any reasonable application in this case.

### 1. Identity of Interest and Imputed Notice

In urging the Court to reconsider that ruling now, Ballard suggests that Marcie Boyer should have known that she would likely be a defendant in litigation if he was unsuccessful in his administrative grievances at the institutional level. But while he makes this argument, plaintiff does not offer any convincing explanation to show that Marcie Boyer received imputed notice of the lawsuit that was actually filed, and instead relies almost entirely on his own rhetoric and suggestion that she should have known about the litigation. Furthermore, there is no basis upon which the Court could reasonably conclude that Ms. Boyer received such notice within 120 days, as required under Rule 15(c).

As we discussed in our prior order, we do not find that Ballard sufficiently demonstrated that Boyer shared an identity of interest, and thus had imputed notice of this litigation, in accordance with the law as outlined by the Third Circuit Court of Appeals in Singletary v. Pennsylvania Department of Corrections, 266 F.3d 186 (3d Cir. 2001). Our finding in this regard is unchanged, and we continue to find that plaintiff has fallen short in his efforts to show that Marcie Boyer had such an identity of interest with the other named defendants that he should be permitted to substitute

her for the "Jane Doe" placeholder defendant he named when he filed this action more than two years ago, regarding an incident that allegedly occurred more than four and one-half years ago.

In Singletary, the Third Circuit accepted the "identity of interest" method for imputing notice for purposes of Rule 15(c). 266 F.3d at 198. In that case, the appeals court considered whether a staff psychologist employed by the Department of Corrections who worked at SCI-Rockview could be deemed to have a sufficiently identical interest with the prison so that notice given to SCI-Rockview could be imputed to the psychologist. The court concluded that the staff psychologist had no administrative or supervisory duties at the prison, and thus his employment alone could not serve as a sufficient basis to find an identity of interest, "because [he] was clearly not highly enough placed in the prison hierarchy for us to conclude that his interests as an employee are identical to the prison's interests." Id. at 199. The court found that "absent other circumstances that permit the inference that notice was actually received, a non-management employee . . . does not share a sufficient nexus of interests with his or her employer so that notice given to the employer can be imputed to the employee for Rule [15(c)(1)(C)] purposes." Id. at 200.

In our previous order, we found that the circumstances of Ms. Boyer's employment compel a similar result. Upon consideration we found there was not a

sufficient basis to conclude that Ms. Boyer's interests as a nurse at the prison are so closely aligned with those of the other medical defendants, or other correctional staff, to permit the inference that Ms. Boyer received timely imputed notice of this action. In addition, we did not find "other circumstances that permit the inference that notice was actually received" by Ms. Boyer about this lawsuit to permit amendment at this late date. Our conclusions in this regard are unchanged, and plaintiff's motion gives us no reason to find otherwise.

2. Shared Attorney

In addition, we are unchanged in our finding that there is insufficient basis to conclude that Nurse Boyer received constructive notice of this action under the "shared attorney" method of imputing notice.

As we explained previously, "[t]he 'shared attorney' method of imputing Rule [15(c)(1)(C)] notice is based on the notion that, when an originally named party and the party who is sought to be added are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action." Singletary, 266 F.3d at 196. The "fundamental issue" is whether the attorney's "later relationship with the newly named defendant gives rise to the inference that the attorney, within the 120 day period, had some communication or

15

relationship with, and thus gave notice of the action to, the newly named defendant." Id.

Despite plaintiff's arguments to the contrary, there is simply no evidence that defendants' counsel communicated to Ms. Boyer within the 120-day notice period about the action. In fact, Nurse Boyer has submitted a declaration in which she attests that she first learned of this action when she was contacted by counsel in August 2012. (Doc. 108, Appendix.) The Third Circuit has instructed that "a plaintiff must show that there was 'some communication or relationship' between the shared attorney and the John Doe defendant prior to the expiration of the 120-day period in order to avail him or herself of the shared attorney method of imputing notice." Garvin v. City of Philadelphia, 354 F.3d 215, 225 (3d Cir. 2003). In this case, plaintiff has come forward with no evidence that would demonstrate any such "communication or relationship", and Nurse Boyer's declaration indicates that no such communication occurred.

Furthermore, counsel for the corrections defendants stated in his earlier brief that he has never represented Nurse Boyer, and he has never provided any indication that he represented the "Jane Doe" defendant identified in the complaints that have been filed. (Doc. 108, at 7.)

As there remains an absence of evidence that could support a finding that the "shared attorney" test has been satisfied, we once again conclude that the "shared attorney" method of providing imputed notice has no application to this particular case, and provides no basis to permit plaintiff to name Nurse Boyer as a defendant approximately four and one-half years since the incidents alleged in the complaint, and more than two years since this action was first filed.

### 3. Plaintiff's Discovery-Related Arguments are Unavailing

Finally, we acknowledge plaintiff's argument that he endeavored to learn of Ms. Boyer's identity, but had his efforts frustrated by defendants' failure to respond timely to discovery. Although we appreciate this argument, we nevertheless do not find that it entitles plaintiff to any relief in this case because the discovery regarding Ms. Boyer's identity was not propounded upon defendants until late July 2011, as evidenced in Ballard's motions for documents and interrogatories. (Docs. 52, 53.) This discovery, which requested among other things, "the names of all medical staff who were present in medical office to have the real name of defendant Jane Doe, whom [sic] took photos of plaintiff's injuries on March 30, 2008 (2nd shift-night)", (Doc. 53), was served on defendants far outside of the 120-day period in which Ms. Boyer must have had notice of the lawsuit, and awareness that but for a mistake regarding her identity, she would have been named as a defendant.

17

Although this discovery indicates that Ballard was endeavoring to learn the identity of the Jane Doe defendant, it nevertheless is apparent that this discovery was propounded nearly 11 months after this litigation was commenced, and 40 months after the incidents giving rise to this complaint. As we noted above, the rules governing the relation-back of pleadings require that the party to be named must have "received such notice of the institution of the action [**within the 120 day period provided by Fed. R. Civ. P. 4(m)**] that the party will not be prejudiced in maintaining a defense on the merits." Singletary, 266 F.3d at 194 (citing Fed. R. Civ. P. 15(c)(3)(A) (emphasis added). This condition has two requirements, namely, notice and the absence of prejudice, and each must be satisfied. Id. In addition, if these conditions are satisfied, a plaintiff seeking to have an amended pleading relate back pursuant to Rule 15 must show that "the newly named party must have known, or should have known, (**again, within the 120 day period**) that 'but for a mistake' made by the plaintiff concerning the newly named party's identity, 'the action would have been brought against' the newly named party in the first place." Id. (citing Fed. R. Civ. P. 15(c)(3)(B)) (emphasis added).

In this case, the very discovery Ballard relies upon to show that he was trying to discover Ms. Boyer's identity was not propounded until July 2011, far outside of the 120-day notice period mandated by Rule 15(c). Even if we were to generously

interpret Ballard's motion to suggest that his seeking discovery of Ms. Boyer's identity likely caused Ms. Boyer to have become aware of this lawsuit, it would nevertheless provide no basis to allow Ballard to amend the complaint to name her as a party, since this discovery was not propounded until nearly 11 months after this lawsuit was first filed, and thus well beyond the 120-day period. Indeed, Ballard would have been foreclosed from amending the complaint solely to add Ms. Boyer as a defendant in late July 2011 had he sought leave at that time, simply because he would have been unable to satisfy any of the requirements of Rule 15(c). The result is no different now, at this even later stage of the litigation.

## IV. ORDER

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED THAT plaintiff's motion for reconsideration of the Court's order denying leave to amend the complaint pursuant to Rule 15(c) of the Federal Rules of Civil Procedure (Doc. 114) is DENIED.

>                */s/ Martin C. Carlson*
>                Martin C. Carlson
>                United States Magistrate Judge

Dated: December 11, 2012