# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TODD DARRELL BALLARD, | : | |
| | : | |
| Plaintiff | : | Civil No. 3:10-CV-1456 |
| | : | |
| v. | : | (Judge Brann) |
| | : | |
| CO 1 WILLIAMS, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |

## MEMORANDUM OPINION AND ORDER

I. **Statement of Facts and of the Case**

1. **Statement of Facts and of the Case**

Todd Darrell Ballard, an inmate formerly incarcerated at the State Correctional Institution at Camp Hill who is proceeding *pro se*, commenced the above-captioned action in the United States District Court for the Western District of Pennsylvania on June 28, 2010, asserting that prison staff and officials violated his constitutional rights following an altercation between Ballard and his cellmate on March 30, 2008. (Doc. 1.) Ballard claims that corrections officers at SCI-Camp Hill entered his cell following the altercation, and that the officers assaulted him and burned him on a radiator during this process. (Doc. 68, Am. Compl.)

Following the filing of this complaint, the parties have engaged in protracted, and occasionally contentious discovery proceedings. This discovery has been subject to limitations set by this Court in July of 2012, limitations which provided in part that "In the absence of mutual consent to exceed these limits or a court order, the maximum number of interrogatories per side shall be twenty five (25); the maximum number of document production requests per side shall be twenty five (25); and the maximum number of requests for admissions per side shall be twenty-five (25)." (Doc. 102, ¶4.) These discovery limitations, in turn, parallel the limitations set by the Federal Rules of Civil Procedure. F.R. Civ. P., Rule 33(a)(1).

This case now comes before the Court for resolution of three motions: two motions to compel, filed by Ballard, (Docs. 138 and 140), and a motion to appoint counsel, (Doc.147), also filed by Ballard, which appears to seek appointment of counsel for the purpose of conducting discovery for Ballard without cost to the plaintiff. In his motions to compel, Ballard seeks to compel answers to discovery requests which he has propounded, requests which far exceeded the limitations set both by the Federal Rules of Civil Procedure and our prior orders. Moreover, a number of these discovery demands sought personnel information relating to individual defendants, information of a type that is frequently cloaked in privilege.

The motions to compel have been fully briefed by the parties and are now ripe for resolution. For the reasons set forth below, the motions will be denied.

**II.     Discussion**

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, and provides that:

> (a) Motion for an Order Compelling Disclosure or Discovery
>
> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. . . .

Fed. R. Civ. P. 37(a).

The scope of what type of discovery may be compelled under Rule 37 is defined, in turn, by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

Fed. R. Civ. P. 26(b)(1)

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible

only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the outset, a party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D.Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D.Kan. 2009).

Furthermore, in a prison setting, inmate discovery requests can raise security concerns, and implicate a legitimate governmental privilege, a governmental privilege which acknowledges a governmental needs to confidentiality of certain data but

5

recognizes that courts must balance the confidentiality of governmental files against the rights of a civil rights litigant by considering:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intra-departmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiffs case.

Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D. Pa. 1973).

One other principle defines the court's discretion when ruling on a *pro se* litigant's motions to compel discovery. "[A]s a *pro se* litigant, plaintiff is solely responsible for failure to adhere to the Federal Rules of Civil Procedure. Huertas v. Philadelphia, 139 Fed.Appx. 444, 445 (3d Cir.2005)." Thorpe v. Wilmington Hous. Auth., 262 F.R.D. 421, 423 (D. Del. 2009). Therefore, when a *pro se* party fails to abide by limitations on discovery set by the court, by either submitting delinquent or excessive discovery requests, "the court can, and in the exercise of its discretion often should, refuse to compel compliance with that request. See, e.g., Maslanka v.

Johnson & Johnson, 305 F.App'x 848 (3d Cir.2008) (affirming denial of *pro se* litigant motion to compel where discovery demands were untimely); Oriakhi v. United States, 165 F.App'x 991 (3d Cir.2006) (same); Bull v. United States, 143 F.App'x 468 (3d Cir.2005) (same)." Muniz v. Price, 3:10-CV-345, 2010 WL 4537037 (M.D. Pa. Nov. 3, 2010)(denying delinquent discovery request).

With these legal guideposts in mind, we turn to consideration of Ballard's various discovery requests.

At the outset, we agree that the defendants are justified in refusing to answer excessive discovery demands beyond those authorized by the Court in its July 2012 pre-trial discovery order, and permitted under the Federal Rules of Civil Procedure. Ballard has known for the past year of the discovery limitations imposed by our July 2012 order. He has not chosen to seek leave of court to propound additional discovery requests, even after being informed months ago that the defendants regarded these requests as excessive. Therefore, Ballard cannot now be heard to complain that the defendants seeks to hold him to the limits set by the court, limits that he never timely challenged or sought to amend.

Further, to the extent that Ballard seeks access to personnel files of prison staff, courts have long recognized that:

> Although personnel files are discoverable, they contain confidential information and discovery of them should be limited. See, e.g., Reagan-Touhy v. Walgreen Co., 526 F.3d 641, 648 (10th Cir.2008) ("Personnel files often contain sensitive personal information ... and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly.... This is not to say personnel files are categorically out-of-bounds."); Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D.Pa.1994) ("[P]ersonnel files are confidential and discovery should be limited."). The Court must weigh the right to relevant discovery against the privacy interest of non-parties. Th[us a] Court [may] find[] that Plaintiff is not entitled to the entire personnel records of all the individuals without a more particularized showing of relevance.

Harris v. Harley-Davidson Motor Co. Operations, Inc, No. 09-1449, 2010 WL 4683776, *5 (M.D.Pa Nov. 10, 2010). Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D. Pa. 1994)("personnel files are confidential and discovery should be limited."). Therefore, without a specific and particularized showing of relevance these requests would fail on their merits.

Having found that Ballard's motions to compel, which seek responses to discovery beyond those previously authorized by the court, should be denied, we turn briefly to Ballard's motion for appointment of counsel. (Doc. 147.) This motion seeks appointment of counsel for the purpose of conducting discovery, but is apparently premised on the notion that court-appointed counsel will then be responsible for the expense of depositions which the plaintiff wishes to take. (Doc. 147, ¶3.)

This motion fails for several reasons. First, this request seems misplaced since in our view the discovery deadlines in this case have now passed. Therefore, in the absence of a well-founded motion to re-open discovery, we would not anticipate additional discovery taking place in this case. In addition, to the extent that Ballard seeks to have counsel appointed in order to shift the costs of discovery to counsel or some other party, the request fails since nothing in 28 U.S.C. § 1915 authorizes federal courts to finance or pay for a party's discovery expenses incurred while prosecuting a lawsuit, even if that party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Review of the case law reveals that numerous courts have recognized the limitations of federal courts to relieve indigent litigants from the costs of pre-trial discovery. See, e.g., Brooks v. Quinn, 257 F.R.D. 515, 417 (D. Del. 2009) ("Although plaintiff is proceeding in forma pauperis, the court has no authority to finance or pay for a party's discovery expenses. . . . It is plaintiff's responsibility to pay for the costs associated with the taking of a deposition."); Augustin v. New Century TRS Holding, Inc., No. 08-326, 2008 U.S. Dist. LEXIS 96236, at *7-9 (W.D. Pa. Nov. 25, 2008) (denying plaintiff's IFP application to cover costs for discovery requests); Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (28 U.S.C. § 1915 does not require the government to advance funds for deposition expenses); Toliver v. Community Action Comm'n to Help the Econ., 613 F. Supp.

1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the repayment of discovery costs for IFP plaintiff); Sturdevant v. Deer, 69 F.R.D. 17, 19 (E.D. Wis. 1975) (concluding that 28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition."); Ebenhart v. Power, 309 F. Supp. 660, 661 (S.D.N.Y. 1969) ("Grave doubts exist as to whether [28 U.S.C. § 1915] authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery."); see also Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."). Thus, as a general rule, the Court lacks the lawful authority to help finance, or relieve plaintiff from, the costs associated with taking pre-trial discovery, and we cannot appoint counsel simply for the purpose of shifting these discovery costs.

Further, the plaintiff has asked the Court to appoint counsel after three years of successfully litigating his claims, *pro se*. We appreciate the plaintiff's interest in securing court-appointed counsel, but also recognize that there is neither a constitutional nor a statutory right to counsel for civil litigants. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir.

1993). Instead, 28 U.S.C. § 1915(e)(1) simply provides that "[t]he court may request an attorney to represent any person unable to employ counsel." Under §1915(e)(1), a district court's appointment of counsel is discretionary and must be made on a case-by-case basis. Tabron, 6 F.3d at 157-58. In Parham, the United States Court of Appeals outlined the standards to be considered by courts when reviewing an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). In passing on such requests we must first:

> "[D]etermine[] that the plaintiff's claim has some merit, then [we] should consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf."

Parham v. Johnson, 126 F.3d at 457.

There is yet another practical consideration which must be taken into account when considering motions for appointment of counsel. As the United States Court of Appeals for the Third Circuit has aptly observed:

> Finally, in addressing this issue, we must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such

11

representation without compensation. We have no doubt that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. It is difficult to fault a district court that denies a request for appointment under such circumstances.

Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993). Mindful of this consideration it has been "emphasize[d] that volunteer lawyer time is extremely valuable. Hence, district courts should not request counsel under § 1915(d) indiscriminately. As the Court of Appeals for the Second Circuit has warned: 'Volunteer lawyer time is a precious commodity.... Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.' Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir.1989)." Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993).

In this case our analysis of these factors leads us to conclude that counsel should not be appointed in this case at the present time. While we believe that Ballard has met the threshold requirement for appointment of counsel in that his claim have sufficient merit to warrant a trial, we find that the claims are not factually or legally complex. Moreover, Ballard has shown a complete facility in guiding this litigation. Thus, in this case we are presented with a request for counsel from an

experienced *pro se* litigant who has evinced a complete familiarity with the legal system, and an ability to present his case in an articulate fashion. Furthermore, the case is not legally or factually complex, and the limited role for counsel envisioned by Ballard would not achieve the result he seeks, which is to shift discovery costs onto some third party. Taking all of these factors into account in the exercise of our discretion we DENY this request to appoint counsel. (Doc.147.) See Gordon v. Gonzalez, 232 F. App'x 153, 157 (3d Cir. 2007).

### III. Conclusion

For the foregoing reasons, the plaintiff's motions to compel (Docs. 138, 140), and for appointment of counsel, (Doc. 147), are DENIED.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge